IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| LIZA DAWN CHERRICKS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Action No. 22-1200-GBW |
| ) | |
| PRESIDENT JOE BIDEN, ) | |
| ) | |
| Defendant. ) | |

## MEMORANDUM OPINION

Liza Dawn Cherricks, New Castle, Delaware – *Pro Se* Plaintiff

March 19, 2025
Wilmington, Delaware

**WILLIAMS, U.S. District Judge:**

## I.  INTRODUCTION

On September 13, 2022, Plaintiff Liza Dawn Cherricks, of New Castle, Delaware, initiated this civil action *pro se*, alleging violations of the Clean Water Act by Defendant President Joe Biden. (D.I. 1). This case was closed shortly thereafter because Plaintiff did not move for leave to proceed *in forma pauperis* and did not pay the filing fee. (D.I. 6.) The case was subsequently reopened, upon Plaintiff's motions for leave to proceed *in forma pauperis*, which were granted. (D.I. 18.) The operative pleading is the Amended Complaint. (D.I. 4.) The Court proceeds to review and screen the Amended Complaint pursuant to 28 U.S.C. § 1915(e)(2)(b).

## II.  BACKGROUND

The following facts are taken from the Amended Complaint and assumed to be true for purposes of screening. *See Shorter v. United States*, 12 F.4th 366, 374 (3d Cir. 2021). During the 2020 presidential debates, Defendant discussed the importance of improving air quality and addressing pollution. (D.I. 4 at 4.) Yet, when Defendant was President, the United States continued to be involved in "war violence," which Plaintiff believes violates the Clean Water Act (CWA). (*Id.*) Plaintiff believes that ending the country's involvement in war violence will stabilize

1

the national economy, improve or erase the national deficit and debt, protect the population at large, and solve universal problems, "reaffirming Jesus Christ's entire creation as appreciation of our universe." (*Id.* at 5; *see also id.* at 6-7.) The Amended Complaint also mentions emissions, natural disasters, the Federal Emergency Management Agency (FEMA), and first responders. (*Id.* at 7.) Based on the foregoing, Plaintiff seeks $9 billion on behalf of "all gov[ernment and] fed[eral] gov[ernment]," $4.5 billion "for all population," and a possible injunction, ending operations of the United States Armed Forces "prior to [the] end of 2022." (*Id.*)

## III. SCREENING OF COMPLAINT

A federal court may properly dismiss an action *sua sponte* under the screening provisions of 28 U.S.C. § 1915(e)(2)(B) if "the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief." *Ball v. Famiglio*, 726 F.3d 448, 452 (3d Cir. 2013) (quotation marks omitted); *see also* 28 U.S.C. § 1915(e)(2) (*in forma pauperis* actions). The Court must accept all factual allegations in a complaint as true and take them in the light most favorable to a *pro se* plaintiff. *See Phillips v. County of Allegheny*, 515 F.3d 224, 229 (3d Cir. 2008). Because Plaintiff proceeds *pro se*, her pleading is liberally construed and her Complaint, "however inartfully

pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007).

A complaint is not automatically frivolous because it fails to state a claim. *See Dooley v. Wetzel*, 957 F.3d. 366, 374 (3d Cir. 2020). Rather, a claim is deemed frivolous only where it relies on an "'indisputably meritless legal theory' or a 'clearly baseless' or 'fantastic or delusional' factual scenario.'" *Id.*

The legal standard for dismissing a complaint for failure to state a claim pursuant to § 1915(e)(2)(B)(ii) is identical to the legal standard used when ruling on Rule 12(b)(6) motions. *Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999). A well-pleaded complaint must contain more than mere labels and conclusions. *See Ashcroft v. Iqbal*, 556 U.S. 662 (2009); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007). A plaintiff must plead facts sufficient to show that a claim has substantive plausibility. *See Johnson v. City of Shelby*, 574 U.S. 10, 12 (2014) (per curiam). A complaint may not be dismissed, however, for imperfect statements of the legal theory supporting the claim asserted. *See id.* at 11.

A court reviewing the sufficiency of a complaint must take three steps: (1) take note of the elements the plaintiff must plead to state a claim; (2) identify allegations that, because they are no more than conclusions, are not entitled to the assumption of truth; and (3) when there are well-pleaded factual allegations, assume

3

their veracity and then determine whether they plausibly give rise to an entitlement to relief. *Connelly v. Lane Constr. Corp.*, 809 F.3d 780, 787 (3d Cir. 2016). Elements are sufficiently alleged when the facts in the complaint "show" that the plaintiff is entitled to relief. *Iqbal*, 556 U.S. at 679 (quoting Fed. R. Civ. P. 8(a)(2)). Deciding whether a claim is plausible will be a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.*

## IV. DISCUSSION

The Amended Complaint establishes that Plaintiff has a genuine interest in the environment, and other matters of public interest. However, even when employing the less stringent standard afforded to *pro se* litigants, *see Erickson*, 551 U.S. at 94, the Amended Complaint only articulates "the kind of generalized grievance" that is "common to all members of the public" without showing that Plaintiff "is in danger of suffering any particular concrete injury as a result of" the actions alleged, *United States v. Richardson*, 418 U.S. 166, 176-77 (1974). Thus, the Amended Complaint does not establish Plaintiff's standing to bring this action, dismissal is warranted at the threshold, and amendment is futile. Furthermore, the Amended Complaint relies on indisputably meritless legal theories and, therefore, is frivolous. *See Dooley*, 957 F.3d. at 374. Because the Amended Complaint is frivolous and amendment is futile, it will be dismissed, and this case will be closed.

## V. <u>CONCLUSION</u>

For the above reasons, the Court will dismiss the Amended Complaint, pursuant to 28 U.S.C. § 1915(e)(2)(B)(i). (D.I. 4.) Amendment is futile.

An appropriate Order will be entered.